IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.  22-CR-55

RONALD SEGER, JR.,

Defendant.

## PLEA AGREEMENT

The defendant, RONALD SEGER, JR., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 2251(a) (production of child pornography), for which the mandatory minimum term of imprisonment is 15 years and the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 5 years to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3.      The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim as determined by the Court. The defendant understands that the defendant will not be entitled to withdraw the pleas of guilty based upon any restitution amount ordered by the Court.

4.      The defendant understands that the Court must impose an assessment of not more than $50,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(3) in addition to any other criminal penalty, restitution or special assessment.

5.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

7. The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment, and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

8. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case were to proceed to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. The defendant employed, used, persuaded, enticed, or coerced a minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such sexually explicit conduct;

   b. That the visual depiction would be transported using any means or facility of interstate or foreign commerce; the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce; or that the visual depictions had actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer; and

   c. the defendant acted knowingly.

## FACTUAL BASIS

9. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty:

   a. On a date between January 2015 and January 2016, in the Western District of New York, and elsewhere, the defendant, **RONALD SEGER, JR.**, knowingly employed and used a minor, that is, Victim 1, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

   b. Specifically, during this time period, the defendant acted as a caregiver to Victim 1, an infant child, who resided in the Western District of New York.

   c. In or about October 2019, the defendant became the subject of an investigation involving the receipt and distribution of child pornography.

4

d. During the execution of a federal search warrant at the defendant's residence in Niagara Falls, New York on December 10, 2019, law enforcement officers seized several electronic devices belonging to the defendant, some of which contained images of child pornography.

e. One of the electronic devices seized from the defendant was a Black ZTE cellular telephone, which had been manufactured outside of New York State. Located on this cellular telephone was an image: "Imgcache.0_embedded_555.jpg". This image depicts an infant with an adult penis positioned to the side of the infant's face. ~~The infant's face is being held in the adult male's left hand.~~

f. This image was shown to Victim 1's mother and grandmother, and they positively identified the infant depicted in the image as Victim 1, who is now five-years old. They confirmed that the defendant acted as a caregiver for Victim 1 during the relevant time period.

g. Homeland Security Investigations has determined that the image of Victim 1 recovered from the Black ZTE cellphone had been distributed by the defendant to at least one other person via the internet.

### III.  SENTENCING GUIDELINES

10. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

11. The government and the defendant agree that Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

12. The government and the defendant agree that the following specific offense characteristics do apply:

5

    a. the **four-level** increase pursuant to Guidelines § 2G2.1(b)(1)(A) [the offense involved a minor who had not attained the age of 12 years];

    b. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(2)(A) [the offense involved the commission of a sex act];

    c. the **two-level** increase pursuant to Guidelines § 2G2.1(b)(3) [the offense involved knowing distribution]; and

    d. the **four-level** increase pursuant to Guidelines § 2G2.1(b)(4) [offense involved material that portrays sadistic, masochistic, or other depictions of violence].

## ADJUSTED OFFENSE LEVEL

13.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 44.

## ACCEPTANCE OF RESPONSIBILITY

14.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 41.

## CRIMINAL HISTORY CATEGORY

15.    It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

...

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16. It is the understanding of the government and the defendant that, with a total offense level of **41** and criminal history category of **I**, and taking into account the applicable statutory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of **324 months to 360 months**, a fine of $50,000 to $250,000, and a period of supervised release of 5 years to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

17. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) of the that the Court at the time of sentence impose a **180-month** term of imprisonment. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the amount of a fine, the amount of restitution, or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement, and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

19.  In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.  STATUTE OF LIMITATIONS

20.  In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.  REMOVAL

21.  The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.  GOVERNMENT RIGHTS AND OBLIGATIONS

22.  The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in

   the offense charged, the circumstances surrounding the charge, and the defendant's criminal history;

 b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

 c. advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

 d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

 e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

23. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 20-mj-01038.

24. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

### VII. RESTITUTION AND FINANCIAL PENALTY PROVISIONS

25. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim's or victims' compensable losses, but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued

pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

26. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of the defendant's offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of the minor victims, for the entire scope of the defendant's criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

27. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

28. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully

executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

29. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

30. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

31. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

## VIII. APPEAL RIGHTS

32. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner by which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

33. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

34. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 15, above, notwithstanding the manner by which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## IX. FORFEITURE PROVISIONS
## COMPUTERS

35. The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct, the defendant utilized the following computer equipment and other electronic media which were seized by law enforcement officials based upon the execution of a search warrant, and which contain child pornography:

   a. One (1) Black ZTE Cellphone, Model No.: Z899VL Majesty Pro;

   b. One (1) Purple Samsung Cellphone, Model No. SM-A505U;

   c. One (1) Black Samsung Galaxy J7 Crown Prepaid Cellphone, Model No.: GSM SM-S767VL, bearing IMEI No.: 356823095481060;

   d. One (1) Black Samsung Galaxy J7 Cellphone, Model No.: SM-S767VL, bearing IMEI No.: 357092102242787;

   e. One (1) Sony PlayStation;

   f. One (1) Dell Inspiron Laptop 15, S/N: 9WKMBL2; and

   g. One (1) Dell Inspiron Laptop 15, S/N: 8ZKMBL2.

36. Since the cellphones, related media and online account(s) were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the cellphones and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). In addition, the defendant agrees to forfeit all interests in any and all online accounts that contain victims' information pursuant to Title 18, United State Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.

37. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this agreement.

38. After the acceptance of the defendant's guilty plea, and pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), the Court will issue a Preliminary Order of Forfeiture for the items listed above. The defendant hereby waives any right to notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Federal Rule of Criminal Procedure 32.2(b)(4). The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument,

announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J) at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

39. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## X. CIVIL ACTION

40. The defendant waives and agrees not to assert in any civil lawsuit arising from the conduct which gave rise to the criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

## XI. TOTAL AGREEMENT AND AFFIRMATIONS

41. This plea agreement represents the total agreement between the defendant, **RONALD SEGER, JR.**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *(signed)*
John D. Fabian
Assistant United States Attorney

Dated: May 12, 2022

I have read this agreement, which consists of pages 1 through 16. I have had a full opportunity to discuss this agreement with my attorney, Daniel Griebel, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

*(signed)*
RONALD SEGER, JR.
Defendant

Dated: May 12, 2022

*(signed)*
DANIEL GRIEBEL, ESQ.
Attorney for the Defendant

Dated: May 12, 2022

16